James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-463 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| FREDERICK VERNON WILLIAMS, et al., | |
| Defendant(s). | |

Presently before the court is Jacqueline Louisa Gentle's ("petitioner") motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 951). The United States of America ("the government") filed a response (ECF No. 959), to which petitioner replied (ECF No. 970).

Also before the court is petitioner's motion to extend time. (ECF No. 967). The government did not respond, and the time to do so has passed.

Also before the court is petitioner's motion for appointment of counsel. (ECF No. 977). The government filed a response (ECF No. 979), to which petitioner did not reply.

Also before the court is petitioner's motion for leave to amend habeas corpus petition. (ECF No. 978). The government filed a response filed a response (ECF No. 979),[1] to which petitioner did not reply.

. . .

---

[1] Petitioner's motions for appointment of counsel and for leave to amend are identical. (*See* ECF Nos. 977; 978). Consequently, the government filed one response addressing both motions. (ECF No. 979).

## I. Background

On May 20, 2014, the federal grand jury returned the third superseding indictment charging petitioner with aiding and abetting theft of government money, conspiracy, and several counts of mail fraud. (ECF No. 240). Petitioner proceeded to trial, and on January 19, 2016, a jury verdict was entered finding petitioner guilty of counts 4, 5, 7, 9, 10, 24, 25, 26, and 27. (ECF No. 719; 725). Petitioner was found not guilty on the remaining counts against her. *Id.*

On June 29, 2016, the court sentenced petitioner to an aggregate 65 months' custody followed by a three-year term of supervised release with special conditions. (ECF No. 804). Restitution was ordered in the amount of $218,000, jointly and severally with codefendants Frederick Williams, Denise Williams, and Jacqueline Gentle. (ECF Nos. 815). Judgment was entered on July 5, 2016. *Id.*

On July 13, 2016, petitioner filed a notice of appeal. (ECF No. 822). The Ninth Circuit affirmed petitioner's conviction and sentence on March 22, 2018. (ECF No. 912). The order on mandate affirming the district court's judgment was entered on December 12, 2018. (ECF No. 933).

In the instant motion, petitioner moves to vacate arguing ineffective legal counsel. (ECF No. 951).

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . ." 28 U.S.C. § 2255(a). To be granted relief, a petitioner must allege lack of jurisdiction or constitutional error. *Hamilton v. United States*, 67 F.3d 761, 763 – 64 (9th Cir. 1995). Otherwise, a court should only grant a § 2255 motion where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

In addition, limitations are placed on § 2255 motions because: (1) the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity; and (2) § 2255 "is not designated to provide criminal defendants

multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *United States v. Frady*, 456 U.S. 152, 164 (1982)

**III.    Discussion**

As an initial matter, the court grants petitioner's motion to extend time. (ECF No. 967). Petitioner filed her reply (ECF No. 970), and her § 2255 motion is now ripe.

*A.    Petitioner's § 2255 motion*

The purpose of the effective assistance guarantee is "to ensure that criminal petitioners receive a fair trial." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must show that her counsel's performance was deficient and that she was prejudiced by that deficiency. *Id.* at 687.

"First, the defendant must show that counsel's performance was deficient." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In addition, to show deficiency in the counsel's performance, a defendant must show that "counsel made errors so serious that counsel was not functioning [in the capacity] guaranteed to the defendant by the Sixth Amendment." *Ainsworth v. Woodford*, 268 F.3d 868, 873 (9th Cir. 2001) (quoting *Strickland*, 466 U.S. at 687).

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

Petitioner argues that her trial counsel was ineffective because he failed to move to sever, failed to investigate the case, failed to prepare petitioner to testify, and did not establish petitioner's standing to challenge the search of the Soledad Way residence.

### 1. *Failure to move to sever*

Petitioner argues that her trial counsel, Ms. Bliss, never moved to sever. But the record shows that her prior counsel, Mr. Russell, did. Indeed, petitioner moved for severance based on, among other things, an antagonistic defense. (ECF No. 95). The court denied the motion and instructed the jury at trial to consider the guilty or innocence of each defendant independently of one another. (ECF Nos. 128; 261; 912 at 4). Ms. Bliss then argued the propriety of severance on direct appeal. The Ninth Circuit considered and rejected her failure-to-sever argument. (ECF No. 912 at 3–4). The Ninth Circuit affirmed this court's decision and further noted that "the jury convicted each [d]efendant on some but not all counts. The jury's selective verdict indicates it was able to compartmentalize the evidence." (ECF No. 912 (citing *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011))).

Petitioner has thus failed to show that trial counsel's performance was deficient or that, had Ms. Bliss re-raised the issue, the result would have been any different. *See Strickland*, 466 U.S. at 687, 694.

### 2. *Failure to investigate*

First, petitioner argues that her trial counsel could have successfully challenged venue if she had investigated the facts of the instant action because her 2006 passport application was completed only in California. (ECF No. 951-1 at 16–17). Petitioner's argument is unavailing because, as the government points out, "the charges in the indictment flow from the 2010 replacement passport application that [petitioner] submitted." (ECF No. 959 at 12 n.5 (citing ECF No. 240 at 4). Petitioner admitted at trial that she took steps in furtherance of her passport application in Nevada, which also supports venue regarding the charges at issue. (ECF No. 746 at

17–18). Thus, venue was appropriate because petitioner took steps to accomplish the crimes charged in the indictment relating to the replacement passport application in Nevada.

The remainder of petitioner's argument is that an investigation would have uncovered exculpatory evidence that "almost certainly would have change[d] the outcome of the trial in many ways." (ECF No. 951-1 at 16). Although she indicates that "Bruce Forrester had told investigators that [petitioner] was not aware that [Williams] was collecting unemployment in her name," petitioner admits that she "started collecting unemployment after she found out that [Williams] was collecting it in her name . . . ." (ECF No. 951-1 at 17–18). Further, petitioner herself notes that Bruce Forrester was "the government's cooperating witness." *Id.* at 16. As the government aptly notes, "[c]ounsel could have reasonably concluded that the damage testimony cooperating-witness Forrester would have offered far outweighed the minimal benefit his statements concerning the unemployment scheme would have offered . . . ." (ECF No. 959 at 12). Thus, the court finds this argument unavailing.

Petitioner's final piece of exculpatory evidence is that she "never saw the information—and even if she did—she would not be able to tell whether it was for her real father or not because birth certificates do [not] come with a photo attached" and that she "would not be able to recognize her father if she s[aw] him since he left when she was a young child." (ECF No. 951-1 at 16). But, as discussed below, petitioner took the stand and testified to her version of events. Petitioner's defense both at trial and on appeal was a claim of innocent ignorance. But, as the Ninth Circuit specifically held, petitioner's "convictions are also supported by sufficient evidence" and she made her innocent-ignorance "claim before the jury and it did not find her credible." (ECF No. 912 at 11).

Accordingly, petitioner fails to prove that the result of her trial would have been different had her counsel investigated the case more thoroughly.

*3. Failure to prepare petitioner to testify*

Petitioner argues that her trial counsel failed to "prepar[e] her to take the stand" or "advis[e] her of the risk of doing so." (ECF No. 951-1 at 20). Petitioner contends that she "gave conflicting

James C. Mahan
U.S. District Judge

- 5 -

and confus[ing] testimony" because she was allowed to testify while on an unspecified medication and after becoming seriously ill during the trial. *Id.*

As the government points out, counsel effectively elicited testimony regarding petitioner's relationship with her husband, the horrific conditions in Belize, that "Williams promised to help her escape Belize to get away from this abuse," and that petitioner trusted her family. (ECF No. 959 at 13–14). In sum, the government contends that "[t]he breadth and depth of [petitioner's] trial testimony refutes her claim that counsel did not prepare for trial or prepare [her] to testify." *Id.* at 14. The court agrees.

Assuming *arguendo* that counsel did, in fact, fail to advise her of the risk of testifying, such ineffectiveness would not have changed the outcome of the trial. The court expressly canvassed petitioner regarding her decision to testify. (ECF No. 785 at 4–5). Petitioner understood that she was not required to present any evidence in this case, that she could not be compelled to testify, and that she had the right to testify if she chose. *Id.* The court specifically informed her that she would be subject to cross-examination. *Id.* at 5. These admonitions notwithstanding, petitioner chose to testify. Indeed, petitioner notes in her motion that she "felt a need to take the stand to give her version of the facts and events." (ECF No. 951-1 at 20).

Petitioner's only allegation of prejudice as it pertains to counsel's purported failure to prepare her to testify are that "the jury utterly rejected her testimony."[2] *Id.* at 21. "When the defendant elects to testify, [s]he runs the risk that if disbelieved, the trier of fact may conclude that the opposite of [her] testimony is the truth." *United States v. Kenny*, 645 F.2d 1323, 1346 (9th Cir. 1981). Petitioner chose to exercise her right to testify. Petitioner must live with the consequences of that decision.

Accordingly, petitioner has failed to show that her counsel's performance was deficient as to this claim or that it prejudiced her defense. *See Strickland*, 466 U.S. at 687, 694.

---

[2] Petitioner also summarily argues that, had counsel investigated the facts of this case, she "would have found credible witnesses" to corroborate her testimony. (ECF No. 951-1 at 21). This argument does not address the supposed failure to prepare petitioner to testify, so the court need not address it here. Petitioner also argues that her decision to testify was "the basis for an obstruction of justice enhancement," but that enhancement was vacated on appeal because the government did not make the required findings to support such an enhancement. (ECF No. 912 at 13).

James C. Mahan
U.S. District Judge

- 6 -

### 4. Standing to challenge search of Soledad Way residence

Petitioner contends that the magistrate judge would have found that petitioner had standing to challenge the search warrant issued as to the Soledad Way resident if her trial counsel had investigated the facts of her case. (ECF No. 951-1 at 22–23). She argues that her second trial counsel failed to renew the motion "[n]ot because it would have been meritless, but because counsel's failure to investigate and prepare prevented [her] from discovering the magistrate judge's error." *Id.* at 23.

Even if petitioner had standing to challenge the search warrant, the result would not have changed. Indeed, Magistrate Judge Ferenbach found probable cause supported the search warrant and denied codefendant Williams's motion to suppress on the merits. (ECF No. 120). The Ninth Circuit specifically affirmed Magistrate Judge Ferenbach's decision on appeal. (ECF No. 912 at 3).

Consequently, petitioner has failed to show that her counsel's deficient performance prejudiced her defense because she has not demonstrated that, but for counsel's purported ineffectiveness, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687, 694.

### B. Amendment

Under Habeas Corpus Rule 2(c), petitioners are required "to specify all available grounds for relief and to state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 661 (2005) (brackets and quotation marks omitted). And, pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners must do so within "a one-year limitation period ordinarily running from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* at 662 (quoting 28 U.S.C. § 2244(d)(1)(A)).

The "AEDPA generally limits a petitioner to one federal habeas corpus motion and precludes 'second or successive' habeas corpus petitions unless the petitioner meets certain narrow requirements." *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) (citing 28 U.S.C. § 2244(b)). An amended claim filed relates back to the timely-filed original petition only if "the original and

- 7 -

amended petitions state claims that are tied to a common core of operative facts." *Mayle,* 545 U.S. at 664.

Here, petitioner alleges actual innocence and prosecutorial misconduct, suggesting that the government withheld "several undisclosed witnesses in Belize" and "solicited untruthful testimony from Special Agent James Buck . . . ." (ECF No. 978 at 2, 4).

These arguments are not related to the common core of operative facts that underly her initial petition. Consequently, petitioner's new arguments do not relate back to her prior petition and run afoul of the rule against second or successive petitions. Further, petitioner did not raise these arguments on direct appeal and, as a result, has procedurally defaulted. Petitioner does not attempt to show cause and prejudice to overcome her procedural default.

Accordingly, petitioner's motion to amend is denied. (ECF No. 978).

*C. Certificate of appealability*

Where the court denies a petitioner's § 2255 motion, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made a substantial showing of the denial of a constitutional right to justify issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability. *See Slack*, 529 U.S. at 484.

*D. Motion for appointment of counsel*

In light of the foregoing, petitioner's motion for appointment of counsel is denied as moot. (ECF No. 977).

James C. Mahan
U.S. District Judge

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 951) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion to extend time (ECF No. 967) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No. 977) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that petitioner's motion for leave to amend habeas corpus petition (ECF No. 978) be, and the same hereby is, DENIED.

The clerk is directed to enter a separate civil judgment denying petitioner's § 2255 motion in the matter of *Gentle v. United States,* case number 2:19-CV-1062.

DATED February 28, 2020.

_____
UNITED STATES DISTRICT JUDGE